SUMMARY ORDER
Defendants-cross-claimants-appellants the County of Delaware, Joseph A. Andre-no, and Kurt R. Palmer (collectively, “defendants”) appeal from an April 18, 2008 order of the District Court insofar as it denied part of their motion for summary judgment. We assume the parties’ familiarity with the factual and procedural history of the case, although we revisit key portions of that history here.
The present case comes to us through unusual circumstances. The underlying events occurred on or about April 9, 2002, when plaintiff-appellant Richard B. Moore (“plaintiff’ or “Moore”) and his “on-again, off-again lover[ ],” Ruth Sines, had an argument, in which Moore threatened to kill Sines. Moore v. Andreno, 505 F.3d 203, 205 (2d Cir.2007). Two days later, Sines went to Moore’s home, at a time when she knew Moore would not be there, in order to move out all of her belongings. After receiving a telephone call from an unidentified caller, Sines suddenly became fearful that Moore would return and harm her. Sines called the Delaware County Sheriffs Department, which then dispatched Deputies Andreno and Palmer (the “Deputies”) to the scene. Once the Deputies were at the house, Sines asked them to accompany her while she searched Moore’s private study to see if Moore had hidden any of her belongings there. She explained to the Deputies that she “wasn’t allowed” into the study without Moore, that the door to the study had been locked when she came to the house, and that she had cut the locks off herself. Id. at 205-06. The Deputies agreed to accompany Sines into the study and, while there, Sines and the Deputies discovered drugs and drug paraphernalia. The Deputies seized the drugs. Moore was eventually indicted by a state grand jury on two counts of criminal possession of a controlled substance in the fourth degree and one count of criminal possession of a controlled substance in the fifth degree; however, the County Court for Delaware County dismissed the indictment in February 2004 after suppressing the evidence taken from the scene.
Moore then filed the present action in February 2005 in the District Court against, principally, Deputies Andreno and Palmer, asserting claims under 42 U.S.C. §§ 1981, 1983, 1985, and state law. In particular, Moore claimed that the search of his study and subsequent seizure of his drugs violated, inter alia, the Fourth and Fourteenth Amendments of the Constitution. Defendants moved for summary judgment on the grounds that Moore’s rights had not been violated, and that even if they had been violated, the Deputies were entitled to qualified immunity. In an order of July 17, 2006, the District Court determined that Sines had no authority to *597 allow the Deputies into the study, and that, because there were no exigent circumstances, Moore had “established a color-able claim of a constitutional violation.” Moore v. Andreno, No. 05-cv-00175, 2006 WL 2008712, at *7 (N.D.N.Y. July 17, 2006). The District Court then determined that it was “clearly established” that Sines’s consent would not be valid under such circumstances, and concluded that the Deputies were accordingly not entitled to qualified immunity. Id. at *11. Defendants appealed.
On October 22, 2007, another panel of this Court reversed the District Court’s order, insofar as it denied defendants’ motion for summary judgment. See Moore, 505 F.3d at 216. The opinion stated at the outset that the “gravamen of [Moore’s] complaint is that the Deputies’ entry into his study and seizure of his drugs violated the Fourth Amendment to the United States Constitution.” Id. at 206 (emphasis added). It then went on to hold that although Sines lacked the authority to consent to the Deputies’ entry of Moore’s study, this law “was not clearly established,” and, as such, the Deputies were entitled to qualified immunity. Id. at 216. The opinion concluded by noting that “[t]he case is remanded to the district court so that it may enter summary judgment in defendants’ favor.” Id.
It appears that after the return of the mandate but before acting on the instructions of the Court of Appeals to “enter summary judgment in defendants’ favor,” id., the District Court authorized the filing of a second motion for summary judgment so that it could consider whether any of Moore’s claims survived the grant of defendants’ first motion for summary judgment and, if so, whether any of those claims required a trial. On February 14, 2008, defendants filed a second motion for summary judgment. Specifically, they argued that, to the extent Moore asserted a claim under the Due Process Clause that survived the Court of Appeals decision of October 22, 2007, the claim should be dismissed on the merits or dismissed because Deputies Andreno and Palmer are entitled to qualified immunity.
In an order entered on April 18, 2008, the District Court denied defendants’ motion for summary judgment with respect to plaintiffs Due Process claim.[1] Specifically, the District Court determined that although there were no remaining issues with respect to the search of Moore’s study, there was a “problem” with the fact that the Deputies had seized Moore’s property but had given him no notice of this fact. J.A. 320. The District Court first cited a passage from the Supreme Court’s decision in City of West Covina v. Perkins, 525 U.S. 234, 119 S.Ct. 678, 142 L.Ed.2d 636 (1999), in which the Court stated “when law enforcement agents seize property pursuant to warrant, due process requires them to take reasonable steps to give notice that the property has been taken so the owner can pursue available remedies for its return.” J.A. 320 (quoting Perkins, 525 U.S. at 240, 119 S.Ct. 678). The District Court then stated that it could see “no appreciable distinction between a warrantless seizure and a seizure conducted pursuant to a warrant that would excuse the requirement of notice.” J.A. 321-22. Accordingly, the District Court concluded that “defendants were obligated to take reasonable steps to give notice that the property ha[d] been taken so defendant could pursue available remedies for its return.” Id. at 322. As to the *598 matter of qualified immunity, the District Court determined that “this rule was enunciated by the Supreme Court in 1999, long before actions at issue here, thereby overcoming any qualified immunity claims. Accordingly, it was well-settled that such notice was required and defendants are not entitled to qualified immunity on this issue.” Id. Defendants filed a timely notice of appeal.
At the outset of our discussion, we recall that the October 22, 2007 opinion of this Court instructed the District Court to “enter summary judgment in defendants’ favor.” Moore, 505 F.3d at 216. However, to the extent that there remains confusion about whether Moore’s due process claim was considered in that decision, we address that claim now. We further note that “[bjecause the denial of a motion for summary judgment is not a final judgment, it is generally not immediately ap-pealable.” Walczyk v. Rio, 496 F.3d 139, 153 (2d Cir.2007). However, there is an exception to this general rule “when the denied motion was based on a claim of immunity, at least to the extent the immunity claim presents a ‘purely legal question.’ ” Id. (quoting Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). See also O’Bert ex rel. Estate of O’Bert v. Vargo, 331 F.3d 29, 38 (2d Cir.2003) (observing that “[ujnder the collateral order doctrine ... the denial of a qualified-immunity-based motion for summary judgment is immediately appeal-able to the extent that the district court has denied the motion as a matter of law, although not to the extent that the defense turns solely on the resolution of questions of fact”). Here, the District Court’s holding that the law governing notice following warrantless searches was clearly established is a conclusion of law, and is thus immediately appealable. Finally, we note that we review de novo an order granting summary judgment. See, e.g., Wright v. Goord, 554 F.3d 255, 266 (2d Cir.2009). Summary judgment is appropriate only if “there is no genuine issue as to any material fact” and the moving party “is entitled to judgment as a matter of law.” Fed. R.Civ.P. 56(c).
We need not address the issue of whether a police officer’s failure to leave notice of a search violates the Due Process Clause — that is, whether the language in Perkins announced a constitutional rule— because we can readily conclude that no such rule was “clearly established” at the time the events underlying this action took place. Cf. Pearson v. Callahan, — U.S. -, -, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009) (“The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.”).
“The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.” Saucier v. Katz, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); see also Demoret v. Zegarelli, 451 F.3d 140, 148-49 (2d Cir.2006). The right in question, therefore, must “have been recognized in a particularized rather than a general sense.” Sira v. Morton, 380 F.3d 57, 81 (2d Cir.2004).
There is no authority recognizing the particularized right ostensibly violated here — i.e., the right to notice, at the time of a warrantless search, of that search and *599 the items seized. The language in Perkins relied on by the district court — which Justice Thomas characterized as “dicta” in his concurring opinion, Perkins, 525 U.S. at 246, 119 S.Ct. 678 (Thomas, concurring) — applied only to seizures of property “pursuant to a warrant” id. at 240, 119 S.Ct. 678, not to warrantless searches such as the one conducted here. Moreover, the language in Perkins made no reference to when such notice must be provided, a critical factor in a case such as this one where Moore was indisputably notified at some point-ostensibly before his successful suppression motion — of the search and the items seized.
The District Court therefore erred when it stated that it was “well-settled” on the facts of this case “that such notice was required.” J.A. 322. Accordingly, defendants are entitled to judgment as a matter of law, and their motion for summary judgment should be granted.

CONCLUSION

For the foregoing reasons, the April 18, 2008 order of the District Court is REVERSED to the extent that it denied defendants’ motion for summary judgment. Judgment shall enter for defendants.

. The District Court also on April 18, 2008 granted defendants' motion for summary judgment with respect to all of plaintiff’s remaining claims. That portion of the District Court's order is not appealed.